```
                UNITED STATES DISTRICT COURT
                         FOR THE
                MIDDLE DISTRICT OF PENNSYLVANIA

DAARON SHEARS,                  :
                                :
         Plaintiff              :   No. 1:16-CV-01427
                                :
    vs.                         :   (Judge Kane)
                                :
CORRECTIONAL OFFICER CARTER,    :
ET AL.,                         :
                                :
                                :
         Defendants             :
```

## MEMORANDUM

### Background

On July 12, 2016, Plaintiff Daaron Shears, an inmate at the State Correctional Institution at Frackville, Pennsylvania ("SCI-Frackville"), filed a complaint under 42 U.S.C. § 1983 against two correctional officers and a registered nurse employed at SCI-Frackville. (Doc. No. 1.) Shears claims the correctional officers, Carter and Chehovich, improperly required him to strip search, used excessive force and sexually assaulted him. (Id.) He also claims that the registered nurse, Kathleen Shorts, failed to provide him with medical care.(Id.) Shears requests declaratory and injunctive relief and compensatory and punitive damages. Id.

Along with the complaint Shears filed a motion to proceed in forma pauperis and an authorization to have funds deducted from his prison trust fund account to pay the filing fee in installments. On July 15, 2016, Shears filed a motion for a temporary restraining order/preliminary injunction. (Doc. No. 9.) By order of July 18, 2016, the court directed that the complaint

be served on Defendants named therein. (Doc. No. 10.) On August 2, 2016, Defendants waived service of the complaint. (Doc. No. 14.) On August 25, 2016, Shears filed a second motion for a temporary restraining order. (Doc. No. 19) On September 9, 2016, the court issued an order (Doc. No. 33) deeming Shears' first motion for temporary restraining order (Doc. No. 9) withdrawn for failing to file a supporting brief. An answer to the complaint was filed by Defendants on September 19, 2016. (Doc. No. 34.) The purpose of this order is to address the second motion for a temporary restraining order. For the reasons set forth below the court will deny the motion without prejudice.[1]

**Discussion**

The document which Shears filed was designated by him as a "Temporary Restraining Order" and docketed by the Clerk as a motion for temporary restraining order. (Doc. No. 19.) The motion consists of one page and states as follows, including the grammatical and spelling errors:

> [It is further ordered] that effective immediately, and pending the hearing and determination of this order to show cause, the Defendants [correctional officers (CO) John Carter, Correctional Officer (CO) Clint Chehovich, Registered Nurse (RN) Kathleen Shorts, SCI Frackville Medical Department and the Frackville PRC Treatment Team of the BMU Program.]
>
> 1. John Carter & Clint Chehovich area friends in there Town locally & Carter has Officer Clint Chehovich taking

---

1. Shears has not filed a brief in support of his second motion. Such a brief would trigger the Defendants' obligation to respond to the motion.

>fruit & food off of my trays at dinner time to were as though Chehovich also tells me Carter said how do my nutts feel. Please stop this problem.
>
>2. Clint Chehovich calls me rapist telling me we don't believe your innocent that's why you don't deserve testicals and penis "Fuck Boy".. Chehovich also has a relationship the deputy & major which the PRC treatment team and they threaten to throw away all my legal work depriving me from law work calling me "competence"..
>
>3. I've been having an allergic reaction to dairy products & I have to begg for medical assistants when im breaking out in hives and swelling up and they take my money for sick calls don't treat me with medication telling me I shouldn't have told on Carter, Chehovich & Kathleen Shorts which works for SCI Frackville Medical Department...
>
>4. Medical is also playing with my seizure dose which caused me to go into shock on 8-4-16....
>
>5. I need a safer environment until the outcome of this serious matter because I cant take what they're doing or ill committ suicide Please?

(Id.)  At the end of the page was a signature and date line under which was handwritten "United States District Judge." (Id.) It would appear based on paragraph 5 that Shears is requesting as relief an order directing that he be separated from the defendants and transferred to another prison.[2]

---

2.  It is well-settled that a prisoner has no justifiable expectation that he will be incarcerated in a particular prison. Olim v. Wakinekona, 461 U.S. 238 (1983).  In Montanye v. Haymes, 427 U.S. 236, 242 (1976), the Supreme Court held that the Fourteenth Amendment's Due Process Clause does not require a hearing in connection with a transfer whether or not it is the result of the inmate's misbehavior or may be labeled as disciplinary or punitive.  The inmate in Montanye had been removed from his position as inmate clerk in the law library. Id. at 237.  Shortly thereafter, he was transferred to another
(continued...)

The standard for deciding a motion for a temporary restraining order is the same as the test for ruling on a motion for a preliminary injunction. Bieros v. Nicola, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief is extraordinary in nature, and is discretionary with the trial judge. Orson, Inc. v. Miramax Film Corp., 836 F. Supp. 309, 311 (E.D. Pa. 1993) (citing Skehan v. Board of Trustees of Bloomsburg State College, 353 F. Supp. 542 (M.D. Pa. 1973)). In determining whether to grant a motion seeking preliminary injunctive relief, courts in the Third Circuit consider the following four factors: (1) the likelihood that the applicant will prevail on the merits; (2) the extent to which the movant is being irreparably harmed by the conduct complained; (3) the extent to which the non-moving party will suffer irreparable harm if the preliminary injunction is issued; and (4) whether granting preliminary injunctive relief will be in the public interest. S & R Corp. v. Jiffy Lube Int'l, Inc., 968 F.2d 371, 374 (3d Cir. 1992) (citing Hoxworth v. Blinder, Robinson & Co., 903 F.2d 186, 197-98 (3d Cir. 1990)); Instant Air Freight v. C.F. Air Freight, Inc., 882 F.2d 797, 800

---

2. (...continued)
institution after he was caught circulating a petition to a federal judge signed by eighty-two other prisoners protesting the inmate's removal from his position. Id. at 237-38. The Court stated that "[a]s long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Id. at 242.

(3d Cir. 1989); Premier Dental Prods. Co. v. Darby Dental Supply Co., 794 F.2d 850, 852 (3d Cir.), cert. denied, 479 U.S. 950 (1986).  It is the moving party that bears the burden of demonstrating these factors.  See Dorfman v. Moorhous, No. Civ. A. 93-6120, 1993 WL 483166 at *1 (E.D. Pa., Nov. 24, 1993).

Perhaps the most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted, the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered.  Continental Group, Inc. v. Amoco Chems. Corp., 614 F.2d 351, 356 (3d Cir. 1980); see Wright & Miller, Federal Practice and Procedure: Civil Sec. 2948 at 431 (1973).  The Third Circuit Court of Appeals has defined irreparable injury as "potential harm which cannot be redressed by a legal or equitable remedy following a trial." Instant Air Freight, 882 F.2d at 801.  A court may not grant preliminary injunctive relief unless "[t]he preliminary injunction [is] the only way of protecting the plaintiff from harm."  Id. The relevant inquiry is whether the party moving for the injunctive relief is in danger of suffering the irreparable harm at the time the preliminary injunction is to be issued.  SI Handling Sys., Inc. v. Heisley, 753 F.2d 1244, 1264 (3d Cir. 1985).

Clearly, speculative injury does not constitute a showing of irreparable harm.  Continental, 614 F.2d at 359; see also Public Serv. Co. v. West Newbury, 835 F.2d 380, 383 (1st Cir. 1987).  "The possibility that adequate compensatory or other

corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." Instant Air Freight, 882 F.2d at 801 (quoting Sampson v. Murray, 415 U.S. 61, 90 (1964)).

Also, because the purpose of preliminary injunctive relief is to prevent irreparable injury pending the resolution of an underlying claim on the merits, the injury claimed in the motion for preliminary injunctive relief must relate to the conduct alleged and permanent relief sought in the plaintiff's complaint. See Little v. Jones, 607 F.3d 1245, 1251 (10th Cir. 2010); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994);

It is abundantly clear that Shears has not set forth fact demonstrating he deserves preliminary injunctive relief according to the pertinent legal standards outlined above. He has not demonstrated that there is a likelihood of success on the merits. Furthermore, he has not alleged facts or submitted evidentiary materials from which it can be concluded that he will suffer irreparable harm, i.e, "potential harm which cannot be redressed by a legal or equitable remedy following a trial," if preliminary injunctive relief is denied.[3] Instant Air Freight, 882 F.2d at 801.

Under the circumstances the court will deny without prejudice Shears' motion for a temporary restraining order and

---

3. Furthermore, Shears raises issues in his one-page motion which were not raised in his underlying complaint.

grant him an opportunity to file motion which complies with the Local Rules of Court, including filing a supporting brief, and which also specifies the relief requested and the basis for the relief requested.[4]

An appropriate order will be entered.

_____
Yvette Kane
United States District Judge

---

4. On July 12, 2016, a Standard Practice Order was issued which advised Shears of the requirements of several of the Local Rules of Court, including the rules relating to filing of motions with the court. (Doc. No. 7.) Attached to the Standard Practice Order were the Local Rules of Court referenced in the order. (Id.)